**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARMEN JUAREZ RIBERA,<br><br>                Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No.   22-2091<br><br>Agency No. A215-816-509<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2024[**]
San Francisco, California

Before: S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

Petitioner Carmen Juarez Ribera,[1] a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) order dismissing her

---

       [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [1]      Although Juarez Ribera's minor son is listed as a rider on her asylum application, he was not included in the BIA appeal at issue before us.

appeal of an Immigration Judge's (IJ) order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA adopts the IJ's reasoning, we review both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review legal conclusions de novo and factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We deny the petition.

1. Substantial evidence supports the BIA's determination that Juarez Ribera did not demonstrate a nexus between her feared harm and a protected ground for her asylum and withholding of removal claims. The IJ assumed without deciding that "business owners in Mexico" was a cognizable group but found that Juarez Ribera was "not being singled out" on account of her membership in that group. Rather, she was experiencing the same potential harms that anyone else would face in Mexico, because "criminals target anyone who they believe will further their desire for economic gain." *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019-20 (9th Cir. 2023) (explaining that where a "persecutor's actual motivation for threatening a person is to extort money," there is no nexus to a protected ground (citing *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004))); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to

2

be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The record substantially supports the IJ's conclusion, as Juarez Ribera testified that the criminals left her alone after she showed them high electrical bills for the business, which prevented her from being able to afford to meet their demands.

The IJ also correctly found that Juarez Ribera's fourth proposed social group of "individuals returning to Mexico" is not cognizable based on our precedent in *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010). Juarez Ribera makes no argument regarding the IJ's finding that no nexus existed between her indigenous identity or her membership in a family unit and the various forms of persecution she alleges. Although these alternative PSGs are "referred to in the appellant's statement of the case," Juarez Ribera's failure to discuss them "in the body of the opening brief" means they are forfeited. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Because "lack of a nexus to a protected ground is dispositive of [Petitioner's] asylum and withholding of removal claims," *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), we do not consider Juarez Ribera's other arguments.

2. Juarez Ribera has not "specifically and distinctly argued and raised" the issue of relief under the Convention Against Torture. She has forfeited that claim.

*Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (quoting *Arpin v.*

*Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001)).

**PETITION DENIED.**